J-S10021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMAL L. SMITH | : | |
| | : | |
| Appellant | : | No. 2142 EDA 2017 |

Appeal from the PCRA Order June 22, 2017
In the Court of Common Pleas of Bucks County Criminal Division at No(s):
CP-09-CR-0007676-2009

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 14, 2018**

Appellant, Jamal L. Smith, appeals from the order entered on June 22, 2017, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  In 2009, police responded to a report of a stabbing death and robbery in a parking lot at an apartment complex in a high-crime area of Bucks County, Pennsylvania. On August 20, 2010, following a four-day trial, a jury convicted Appellant of second-degree murder, robbery, and possessing an instrument of crime.  On October 14, 2010, the trial court sentenced Appellant to life imprisonment without the possibility of parole. On March 29, 2012, this Court affirmed Appellant's judgment of sentence*.* ***See Commonwealth v. Smith***, 47 A.3d 1258 (Pa. Super. 2012) (unpublished memorandum).  On September 13, 2012, our Supreme Court

denied further review. *See Commonwealth v. Smith*, 53 A.3d 50 (Pa. 2012).

On October 18, 2012, Appellant filed a *pro se* letter that the court treated as a timely PCRA petition. The PCRA court appointed counsel who filed two amended PCRA petitions. After conducting an evidentiary hearing wherein trial counsel testified, the PCRA court denied Appellant relief on April 1, 2016. We affirmed the PCRA court's decision in an unpublished memorandum on March 15, 2017. *See Commonwealth v. Smith*, 2017 WL 1019743 (Pa. Super. 2017) (unpublished memorandum). In our decision, we also permitted PCRA counsel to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant did not appeal that determination.

On March 27, 2017, Appellant filed a second *pro se* PCRA petition. On June 6, 2017, pursuant to Pa.R.Crim.P. 907, the PCRA court filed its notice to dismiss the PCRA petition without an evidentiary hearing. Appellant filed a *pro se* response on June 19, 2017. On June 22, 2017, the PCRA court denied Appellant's second PCRA petition as untimely. This appeal resulted.[1]

_____

[1] Appellant filed a timely *pro se* notice of appeal on July 6, 2017. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 3, 2017. On August 17, 2017, Appellant complied, raising seven issues pertaining exclusively to jurisdiction under the PCRA. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on September 19, 2017.

On appeal, Appellant presents the following issues, *pro se*, for our review:

    I.    Did the [PCRA] court err[] in dismissing [Appellant's] second PCRA petition as being time-barred[?]

    II.    Did the [PCRA] court have jurisdiction to hear a second PCRA petition while entertaining the first PCRA petition[?]

    III.    Does the [PCRA] court have jurisdiction to hear a second PCRA petition while [the] first PCRA petition is pending [on] appeal in the Superior Court[?]

    IV.    Should the time bar be tolled [for Appellant], when the Commonwealth delayed [] filing a response to [Appellant's] first PCRA [petition], and the court did not schedule a hearing on [Appellant's] first PCRA [petition] until four (4) years later[?]

    V.    Does the delay by the Commonwealth in filing an untimely response to [Appellant's] first PCRA [petition], and the court's failure to schedule a hearing for four (4) years violate [Appellant's] rights to due process and fundamental fairness pursuant to the 6th and 14th Amendments to the United States Constitution and Article 1 § 9 of the Constitution of the Commonwealth of Pennsylvania[?]

    VI.    Does the totality of the circumstances surrounding this instant case amount to an exception to the time bar[?]

Appellant's Brief at 1-2 (complete capitalization omitted).

Essentially, Appellant argues that his first PCRA petition took almost five years to resolve, he was not able to file a second PCRA petition while the first was pending, and, thus, he "should be allowed to file his second PCRA [petition] once he receive[d] an order from the PCRA court or an order from this Honorable Court" denying his first petition. *Id.* at 11. Accordingly, Appellant claims that the PCRA court should not "be allowed to take as long

as they wish to hold a PCRA hearing, and then be allowed to claim Appellant is time-barred and cannot proceed with a second PCRA petition[.]" *Id.* However, Appellant has not advanced a statutory exception to the PCRA's time-bar and does not raise any substantive arguments that were foreclosed during the pendency of his first PCRA petition. Hence, Appellant is not entitled to relief.

Our standard of review is as follows:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo.*

* * *

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended. This is to accord finality to the collateral review process. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

The PCRA provides, in relevant part, as follows:

- 4 -

**§ 9545. Jurisdiction and proceedings**

\*　　　\*　　　\*

(b) Time for filing petition.—

(1)　Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

***Commonwealth v. Miller***, 102 A.3d 988, 992–993 (Pa. Super. 2014) (internal quotations and case citations omitted).

Here, Appellant was sentenced on October 14, 2010. We affirmed his judgment of sentence on March 29, 2012, and our Supreme Court denied Appellant's petition for allowance of appeal on September 13, 2012. Therefore, Appellant's judgment of sentence became final on December 12,

2012, when the period for Appellant to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[.]"); U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[.]"). Thereafter, Appellant had one year, or until December 12, 2013, to file a timely second PCRA petition. Appellant's March 27, 2017 PCRA petition was manifestly untimely. Thus, Appellant had to plead and prove an exception to the PCRA's jurisdictional time-bar.

In this case, the PCRA court initially noted that Appellant "effectively raised the government interference exception [to the PCRA] within sixty days of [this Court's] March 15, 2017 opinion affirming the denial of his first PCRA [p]etition, [but] he [] failed to prove specific facts or evidence that would establish a statutory exception to the time-bar." PCRA Court Opinion, 9/19/2017, at 18. The PCRA court further determined that Appellant "failed to prove what claims, if any, he was unable to discover or develop as a result of either the Commonwealth's delay in filing a response or the court's delay in scheduling a PCRA hearing" on his first PCRA petition. ***Id.*** Accordingly, the PCRA court concluded that "because Appellant [] failed to

adequately prove an exception to the PCRA's statutory time-bar the instant petition is untimely and jurisdictionally barred." ***Id.***

Upon review, we agree. In order to establish the government obstruction exception to the PCRA, a petitioner is required to plead and prove "the failure to raise **a claim** previously was the result of interference by government officials with the presentation of **the claim**[.]" 42 Pa.C.S.A. § 9545(b)(2)(i) (emphasis added). Appellant has failed to identify any claim subject to government interference that existed during the pendency of his first PCRA petition. Moreover, he did not identify any substantive arguments in his Rule 1925(b) statement, instead arguing only that jurisdiction was proper. Finally, on appeal to this Court, Appellant does not plead or prove one of the noted exceptions. Instead, he contends "that the totality of the circumstances surrounding this particular case creates an exception to the time bar[.]" Appellant's Brief at 13. Unfortunately, "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations and brackets omitted). Accordingly, we discern no abuse of discretion or error of law in denying Appellant's PCRA petition as untimely and not subject to exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/14/18</u>